NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 27 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KENDRA M. CARRINGTON, | No. 18-17098 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-00038-KJD-NJK |
| v. | |
| SANTANDER CONSUMER USA, INC.; EXPERIAN INFORMATION SOLUTIONS, INC., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Submitted March 25, 2020[**]
Las Vegas, Nevada

Before: W. FLETCHER, BYBEE, and WATFORD, Circuit Judges.

Kendra Carrington alleged that Santander Consumer USA, Inc. (Santander)

violated the Fair Credit Reporting Act (FCRA) by furnishing false information to

Experian Information Solutions, Inc. (Experian). Santander filed a motion to

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

dismiss, which the district court construed as a motion for summary judgment and granted. We affirm.

Carrington knew or should have known that Santander furnished false information to Experian in the fall of 2014, thereby triggering the two-year statute of limitations as to her FCRA claims against Santander. *See* 15 U.S.C. §§ 1681s-2(a)–(b), 1681p(1); *Drew v. Equifax Info. Servs., LLC*, 690 F.3d 1100, 1109–10 (9th Cir. 2012). On August 29, 2014, Experian inaccurately reported to Carrington that her account with Santander was open, had a monthly payment of $525, and had an outstanding balance of $10,355 as of July 31, 2014. That information was inaccurate because Carrington had fully paid off the loan from Santander in early August, closing her Santander account. The information reflected Experian's investigation of a dispute Carrington had filed in early August, as part of which Experian asked Santander to verify Carrington's account details. On September 10, 2014, Carrington sent a letter to Experian stating her belief that the information in the August report was "inaccurate, incorrect, incomplete and/or invalid." In response, Experian told Carrington that it had "already investigated this information and [Santander] ha[d] verified its accuracy." Despite having discovered, or having constructively discovered, by fall 2014 that Santander furnished false information to Experian, Carrington did not file her claim against Santander until more than two years later. *See Drew*, 690 F.3d at 1109.

Carrington's fall 2014 communications with Experian belie her claim that she first learned that Santander reported false information to Experian in July 2016, when she received an Experian credit report that had the same inaccurate information as the August report did, but without the "as of July 31, 2014" qualifier. As described above, Experian informed Carrington in the fall of 2014 that Santander verified the information Carrington believed was inaccurate.

The fact that Carrington filed an additional dispute with *Experian* in September 2016 is irrelevant to the timeliness of her FCRA claims against *Santander*. Carrington alleged that Santander violated its statutory duty to investigate disputes and furnish accurate information to credit reporting agencies, but those duties arise only after a data furnisher like Santander receives a notice of dispute from a credit reporting agency like Experian. *See* 15 U.S.C. § 1681s-2(b); *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009). The record suggests that Experian sent Santander a notice of dispute regarding Carrington's account only once, in August 2014. Carrington speculates that Santander must have again furnished false information to Experian in late 2016—thereby triggering a new limitations period—simply because a February 2017 Experian credit report states that it was "updated from [Experian's] processing" of the dispute Carrington filed regarding her Santander account in September 2016. But nothing in the record shows that Experian communicated with Santander as

part of its processing of Carrington's September 2016 dispute.

**AFFIRMED.**